The Honorable Jim Hendren State Representative Route 1, Box 260 Sulphur Springs, Arkansas 72768
Dear Representative Hendren:
This opinion is being issued in response to your recent question regarding physical examinations by chiropractors for purposes of school athletic program participation. On behalf of a school superintendent in your district, you have presented the following question:
 Does the physical examination of a student by a chiropractor, which includes the examination of the cardiovascular system, the respiration system, and other organs not related to the spinal system, or to the "practice of chiropractic," as defined in A.C.A. § 17-81-102, constitute the unauthorized practice of medicine?
An accurate answer to your question will depend upon the evaluation of certain facts of which I have not been apprised. I am therefore unable to opine definitively on your question. However, I can provide you with a discussion of the applicable law, which may be helpful to you in evaluating the particular facts under consideration.
Of threshhold significance to your question is the fact that there is no state law setting forth a requirement that participants in school athletics undergo a physical examination. Each school's requirement of such a physical examination will therefore likely differ. Some schools may require an examination that can legally be performed by a chiropractor. Others may require an examination that can only be performed by a person who is licensed to practice medicine. In order to determine whether a particular school's policy requires an examination that, if performed, would constitute the practice of medicine, it will be necessary, first, to scrutinize the language of the particular school policy in question.
The determination will next require a consideration of the definition of the "practice of medicine." That definition, which is set forth in A.C.A. § 17-93-202, states:
(2) "Practice of medicine" means:
 (A) Holding out one's self to the public within this state as being able to diagnose, treat, prescribe for, palliate, or prevent any human disease, ailment, injury, deformity, or physical or mental condition, whether by the use of drugs, surgery, manipulation, electricity, or any physical, mechanical, or other means whatsoever;
 (B) Suggesting, recommending, prescribing, or administering any form of treatment, operation, or healing for the intended palliation, relief, or cure of any physical or mental disease, ailment, injury, condition, or defect of any person with the intention of receiving, either directly or indirectly, any fee, gift, or compensation whatsoever;
 (C) The maintenance of an office or other place to meet persons for the purpose of examining or treating persons afflicted with disease, injury, or defect of body or mind;
 (D) Using the title "M.D.," "M.B.," "Physician," "Surgeon," or any word or abbreviation to indicate or induce others to believe that one is engaged in the diagnosis or treatment of persons afflicted with disease, injury, or defect of body or mind, except as otherwise expressly permitted by the laws of this state relating to the practice of any limited field of the healing arts; or
(E) Performing any kind of surgical operation upon a human being.
A.C.A. §§ 17-93-202(2)(A)-(E).
A chiropractor cannot engage in any of the above-described activities. The act of doing so would constitute the illegal practice of medicine. A.C.A. § 17-93-401. If the school's required physical examination would necessitate any of the above activities, it cannot be legally performed by a chiropractor.
A chiropractor can engage in the following described activities, which are set forth in the statutory definition of the "practice of chiropractic":
 (3)(A) "Practice of chiropractic" means the engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complementary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations, and spinal
 mobilizations, such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrae or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purpose of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery;
 (B) The practice of chiropractic, as authorized under the provisions of this chapter, shall not include the performance of the duties of a midwife or obstetrician, therapy by the use of ionizing radiation, incisive surgery, prescribing for or administering to any person any drug to be taken internally, or puncturing the skin for the purpose of introducing any substance into the body. Nothing herein shall prevent puncturing the skin for routine blood analysis, including red blood count, white blood count, differential and serology, in the practice of chiropractic for diagnostic purposes;
 (4) "Analysis" includes physical examination, the use of X-ray and other analytical instruments, and procedures generally used in the practice of chiropractic;
A.C.A. § 17-81-102.
If the physical examination that is required by the school in question would necessitate only activities within the scope of the above-described definition, the examination can be performed by a chiropractor.
Schools that are concerned about this matter should review the wording of their athletic departments' physical examination requirements for the purpose of assuring that the requirements are explicit. Some schools may be satisfied with an examination that can legally be performed by a chiropractor. Others may not. Explicitly worded requirements will assure that the schools' policies do not become embroiled in disputes over the issue of the unauthorized practice of medicine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh